THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                          )          CASE NO. 18-69428-PMB
                                                )
ABDUL-HAKIM ABDULLAH                            )
                                                )
          Debtor.                               )          CHAPTER 7
_____               )
                                                )
TAMARA MILES OGIER, AS                          )
CHAPTER 7 TRUSTEE,                              )          ADVERSARY PROCEEDING
                                                )          NO. 20-06260-PMB
          Plaintiff,                            )
                                                )
v.                                              )
                                                )
SUNNSHYNE YOUNG, AND                            )
ROBERTO G. ZENNON-MARIN,                        )
                                                )
          Defendants.                           )
_____               )

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANTS

COMES NOW, Defendants Sunnshyne Young ("Young") and Roberto G. Zennon-Marin
("Zennon-Marin") collectively referred to as the "Defendants") and asserts their affirmative
defenses and responds to each and every paragraph of Plaintiff's Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

There is no justiciable case or controversy with respect to the Defendants.

### THIRD AFFIRMATIVE DEFENSE

Necessary and indispensable parties may not have been joined and/or parties may have
been properly joined, including Defendant.

## FOURTH AFFIRMATIVE DEFENSE

The liability, if any, of Defendant is several and not joint and several and based on its own acts and not the acts of others.

## FIFTH AFFIRMATIVE DEFENSE

The Celtic Way Property and the George Road Property are not property of Debtor's bankruptcy estate as defined under 11 U.S.C. § 541.

## SIXTH AFFIRMATIVE DEFENSE

The Celtic Way Property and the George Road Property are held in trust for the benefit of Deborah Young by virtue of a purchase money resulting trust under O.C.G.A. § 53-12-131.

## SEVENTH AFFIRMATIVE DEFENSE

The Celtic Way Property and the George Road Property are held in a constructive trust for the benefit of Deborah Young under O.C.G.A. § 53-12-132.

## EIGHTH AFFIRMATIVE DEFENSE

For further answer and without waiving any of the aforementioned Affirmative Defenses, Defendants responds to the enumerated paragraphs of each and every paragraph of Plaintiff's Complaint as follows:

### JURISDICTION, ETC.

1.

Defendants admit the allegations in Paragraph 1 of the Complaint.

2.

Defendants admit the allegations in Paragraph 2 of the Complaint.

3.

Defendants admit the allegations in Paragraph 3 of the Complaint.

4.

Defendants admit the allegations in Paragraph 4 of the Complaint.

**FACTS**

5.

Defendants admit the allegations in Paragraph 5 of the Complaint.

6.

Defendants admit the allegations in Paragraph 6 of the Complaint.

7.

Defendants admit the allegations in Paragraph 7 of the Complaint.

8.

Defendants are without sufficient information to either admit or deny the allegations in Paragraph 8 of the Complaint.

9.

Defendants are without sufficient information to either admit or deny the allegations in Paragraph 9 of the Complaint.

10.

Defendants are without sufficient information to either admit or deny the allegations in Paragraph 10 of the Complaint.

11.

Defendants are without sufficient information to either admit or deny the allegations in Paragraph 11 of the Complaint.

12.

Defendants are without sufficient information to either admit or deny the allegations in Paragraph 12 of the Complaint.

**The Celtic Property**

13.

Defendants deny the allegations in Paragraph 13 of the Complaint. Deborah Young only purchased the improved real property on Celtic Way. Debtor has never owned Celtic Way, but only had bare legal title to the property, Defendants hold only bare legal title and Deborah Young is the true owner by virtue of a purchase money resulting trust.

14.

Defendants admit the allegations in Paragraph 14 of the Complaint.

15.

Defendants admit that on or about September 3, 2014, Deborah Young executed a Quitclaim Deed. All other allegations are denied. Defendants hold only bare legal title to Celtic Way and Deborah Young is the true owner by virtue of a purchase money resulting trust in Celtic Way.

16.

Defendants deny the allegations in Plaintiff's Complaint Paragraph 16. Debtor executed the Warranty Deed naming his sister as holding bare legal title to Celtic Way at the request and instruction of Deborah Young. At the time of this execution Debtor held bare legal title with the property in trust for Deborah Young.

17.

Defendants deny the allegations contained in Paragraph 17 of the Complaint.

4

18.

Defendants deny the allegations contained in Paragraph 18 of the Complaint. Deborah

Young is the true owner of the property on Celtic Way.

19.

Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of the Complaint.  Celtic Way

was never property of the Debtor.

21.

Defendants deny the allegations in Paragraph 21 of the Complaint.

22.

Defendants are without sufficient information to either admit or deny the allegations

contained in Paragraph 22 of the Complaint.

**The George Property**

23.

Defendants deny the allegations of Paragraph 23 of the Complaint.  Deborah Young

executed a document on or about August 31, 2010, that merely placed Debtor and Zennon-

Marin's names on the title of the real property commonly known as 5698 George Road, Lithonia,

GA 30058 ("George Road").  Deborah Young is the true owner of the property by virtue of a

purchase money resulting trust.

24.

Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25.

Defendants deny the allegations in Paragraph 25 of the Complaint.  Debtor executed the Warranty Deed naming his sister as holding bare legal title to George Road at the request and instruction of Deborah Young. At the time of this execution Debtor held bare legal title with the property in trust for Deborah Young.

26.

Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.

Defendants deny the allegations contained in Paragraph 27 of the Complaint. Deborah Young is the true owner of George Road property.

28.

Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of the Complaint.  George Road was never property of the Debtor.

30.

Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.

Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 31 of the Complaint.

## COUNT I

## FRAUDULENT CONVEYANCES

32.

Defendants realleges and incorporates by reference, the responses set forth in paragraphs 1 through 31 above, as through fully set forth herein.

33.

Defendants deny the allegations in Paragraph 33 of the Complaint.

34.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 34 of the Complaint.

35.

Defendants deny the allegations in Paragraph 35 of the Complaint.

36.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 36 of the Complaint.

37.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 37 of the Complaint.

38.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 38 of the Complaint.

39.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 39 of the Complaint.

40.

Defendants deny the allegations contained in Paragraph 40 of the Complaint.

## COUNT II

### STATE LAW FRAUDULENT CONVEYANCES

41.

Defendants realleges and incorporates by reference, the responses set forth in paragraphs 1 through 40 above, as through fully set forth herein.

42.

The allegations contained in Paragraph 42 are legal conclusions that do not require an answer by Defendants. Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 42 of the Complaint.

43.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 43 of the Complaint.

44.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 44 of the Complaint.

## COUNT III

### In the alternative to Counts I and II

### PREFERENCES

45.

Defendants realleges and incorporates by reference, the responses set forth in paragraphs 1 through 44 above, as through fully set forth herein.

46.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 46 of the Complaint.

47.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 47 of the Complaint.

48.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 48 of the Complaint.

49.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 49 of the Complaint.

50.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 50 of the Complaint.

51.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 51 of the Complaint.

52.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 52 of the Complaint.

53.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 53 of the Complaint.

## COUNT IV

### SALE OF THE CELTIC PROPERTY AND THE GEORGE PROPERTY

54.

Defendants realleges and incorporates by reference, the responses set forth in paragraphs 1 through 53 above, as through fully set forth herein.

55.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 55 of the Complaint.

56.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 56 of the Complaint.

57.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 57 of the Complaint.

58.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 58 of the Complaint.

59.

Defendants deny that the Debtor had any interest in the properties other than bare legal title and thus deny the allegations in Paragraph 59 of the Complaint.

60.

Defendants deny that the Debtor had any interest in the properties other than bare legal

title and thus deny the allegations in Paragraph 60 of the Complaint.

## RESERVATION OF RIGHT TO AMEND

61.

Defendants deny the allegations in Paragraph 61 of the Complaint.

62.

Defendants deny the allegations in Paragraph 62 of the Complaint.

## COUNTERCLAIM

## COUNT I

## DETERMINATION OF INTERVENOR'S EQUITABLE INTERESTS IN THE CELTIC PROPERTY AND THE GEORGE PROPERTY AND THAT DEBTOR'S BARE LEGAL TITLE IN THESE PROPERTIES IS NOT PROPERTY OF DEBTOR'S ESTATE

1.

The Court's determination of a party's interest in property that is alleged to be property

of a bankruptcy estate is a core proceeding under 11 U.S.C. § 157(b).

2.

The Court may declare the rights of any interested party seeking the declaration, and the

declaration shall have the full force and effect of a final judgment. 28 U.S.C. § 2201(a).

3.

Pursuant to Federal Rule of Bankruptcy Procedure 7001(2), the Court can entertain a

declaratory action to determine an interest in property.

## The Celtic Way Property

4.

Deborah Young ("Deborah Young") is the mother of Abdul-Hakim Abdullah ("Hakim"), Sunnshyne Young ("Sunnshyne") and Roberto Zennon-Marin ("Roberto"). See Affidavit of Deborah Young ("D. Young Aff.") ¶ 2, attached hereto and incorporated herein,

5.

Deborah Young purchased the improved real property located at and commonly known as 4987 Celtic Way, Stone Mountain GA ("Celtic Way") on April 8, 2011, subsequent to its foreclosure, for $20,000.00 and directed the attorney handling that sale (McCalla Raymer) to put her name and her son Hakim's name on the Special Warranty Deed. See Affidavit of Deborah Young ("D. Young Aff.") ¶ 3 (citing to copy of the check used by Deborah Young to purchase the property and a copy of the PT-61, attached thereto and incorporated herein as Exhibit A.)

6.

At all times from April 8, 2011 to present Deborah Young has paid all maintenance, utilities, taxes and insurance for Celtic Way. Hakim has never paid any expenses related to Celtic Way.  Abdul-Hakim Abdullah did not know about his name being on the title of the Celtic Way property until March 26, 2018 when Deborah Young asked him to sign papers that transferred title to the property to his sister Sunnshyne. Affidavit of Abdul-Hakim Abdullah ("Hakim Aff") ¶ 3, attached hereto and incorporated herein; D. Young Aff ¶ 5.

7.

On or about September 3, 2014, Deborah Young executed a Quitclaim Deed placing bare legal title to Celtic Way in Roberto's name.  She did not tell Roberto that she had executed such deed, as she had not intended to relinquish ownership of Celtic Way. See also Affidavit of Roberto Zennon-Marin ("Roberto Aff.") ¶ 3, 4, attached hereto and incorporated herein.

12

8.

On March 26, 2018 Hakim executed a deed transferring his bare legal title in Celtic Way to his sister, Sunnshyne. Hakim did this at the request of Deborah Young. Hakim Aff ¶ 3.

9.

Roberto did not know until recently that his name was on the title to George Road. Roberto has only bare legal title in George Road.  Roberto Aff. ¶ 3, 4.

10.

Sunnshyne Young and Roberto hold only bare legal title to Celtic Way, and Deborah Young is the true owner of the property by virtue of a purchase money resulting trust as she has never relinquished ownership of Celtic Way and Sunnshyne nor Roberto claim ownership and have never paid any expenses related to Celtic Way. See Affidavit of Sunnshyne Young ("Sunnshyne Aff") ¶ 3, attached hereto and incorporated herein. Roberto Aff. ¶ 3,4; Hakim Aff. ¶ 3, 4.

## **The George Road Property**

11.

On March 12, 2010, Deborah Young purchased 5698 George Road, Lithonia GA ("George Road") from the entity that had foreclosed on that property. See D. Young Aff. ¶ 4, (citing to the checks she used to purchase George Road and the PT-61 reflecting a purchase price by Deborah Young of $63,000.00, attached thereto as Exhibit B.)

12.

On August 31, 2010, Deborah Young executed documents that placed bare legal title to George Road in the names of Hakim and Roberto. Id.

13.

At all times from March 12, 2010 to present Deborah Young has paid all maintenance, utilities, taxes and insurance for George Road. Hakim has never paid any expenses related to George Road. Abdul-Hakim Abdullah did not know about his name being on the title of the George Road property until March 26, 2018 when Deborah Young asked him to sign papers that transferred title to the property to his sister Sunnshyne. Hakim Aff. ¶ 3.  D. Young Aff. ¶ 5.

14.

Roberto did not know until recently that his name was on the title to George Road. Roberto has only bare legal title in George Road. Roberto Aff. ¶ 3,4.

15.

In March 2018, Hakim executed a deed transferring his bare legal title in George Road to his sister, Sunnshyne. Hakim did this at the request of Deborah Young. Hakim Aff. ¶ 3.

16.

Sunnshyne Young and Roberto hold only bare legal title to George Road, and Deborah Young is the true owner of the property by virtue of a purchase money resulting trust as she has never relinquished ownership of George Road and Sunnshyne nor Roberto claim ownership and have never paid any expenses related to George Road. Sunnshyne Aff. ¶ 3. Roberto Aff. ¶3,4.

17.

Deborah Young and her daughter reside at the George Road Property. Sunnshyne Aff. ¶ 2; D. Young Aff. ¶ 2.

18.

11 U.S.C. § 541(d) states: "Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real

property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

19.

§ 541(d) recognizes that property of the bankruptcy estate should not include any interest in which the debtor holds only bare legal title and not an equitable interest. *Id. See Wallace v. McFarland (In re McFarland),* 619 F. App'x 962, 967 (11th Cir. 2015); *Matter of Vacuum Corp,* 215 B.R. 277, 280-281 (Bankr. N.D. Ga. 1997); *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 n.10 (1983).

20.

O.C.G.A. § 53-12-131(a) states that a purchase money resulting trust ("PMRT") is one "implied for the benefit of the person paying consideration for the transfer to another person of legal title to real or personal property."

21.

The beneficiary to a PMRT must establish that the party contributed purchase money at or before the time of purchase. *In Matter of High-Top Holdings, Inc.,* 564 B.R. 784, 794 (Bankr.N.D. Ga. 2017); *Lee v. Lee,* 260 Ga. 356 (1990).

22.

Deborah Young has established that only she contributed the purchase money at the time of the purchase of the Celtic Way and the George Road properties and paid for all the expenses for both properties.

15

23.

Deborah Young conveyed only bare legal title to Debtor in the Celtic Way and George

Road.  Debtor could only convey the interest he held in the Celtic Way and George Road.

24.

Deborah Young retained her the equitable interest in the Celtic Way and George Road

and continues to hold those interests in the form of a purchase money resulting trust.

25.

As a result, the Celtic Property and the George Property are not property of Debtor's

bankruptcy estate, which eliminates each of the claims in the Trustee's Complaint.

## COUNT II

### CONSTRUCTIVE TRUST

26.

Defendants reallege and incorporate by reference, the responses set forth in paragraphs 1

through 25 of the Counterclaim above, as through fully set forth herein.

27.

O.C.G.A. § 53-12-132 provides: (a) A constructive trust is a trust implied whenever the

circumstances are such that the person holding legal title to property, either from fraud or

otherwise, cannot enjoy the beneficial interest in the property without violating some established

principle of equity.

(b) The person claiming the beneficial interest in the property may be found to have

waived the right to a constructive trust by subsequent ratification or long acquiescence.

16

28.

Deborah Young transferred only bare legal title to Hakim in the Celtic Way and George
Road properties, never relinquishing control and all other rights of ownership of those properties.

29.

Debtor's estate would be unjustly enriched if the Trustee were to obtain title and control
of the properties.

30.

Deborah Young has paid all expenses related to Celtic Way and George Road properties
since she purchased them in 2011 and 2010 respectively.

31.

Debtor Hakim has never paid any expenses of Celtic Way or George Road and until 2018
did not know his name was on the title to either property.

32.

Debtor never claimed ownership of the properties and Deborah Young never relinquished
her rights to the properties.

33.

Both Celtic Way and George Road properties are held in a constructive trust for the
benefit of Deborah Young.

WHEREFORE, Defendants request that the Court deny the relief sought by Plaintiff in
Counts I-IV of the Complaint and to dismiss the Complaint with prejudice as to Defendants and
to grant such other relief as the Court deems just and proper; and

WHEREFORE, Defendants respectfully requests that the Court determine that Deborah
Young is the true owner of and holds an equitable interest in the Celtic Way and George Road

properties pursuant to a purchase money resulting trust or through imposition of a constructive

trust; that Debtor held only bare legal title to the Properties and as a result these properties are

not and were not property of the estate; and grant such other and further as the Court deems just

and proper.

<div style="margin-left: 40%;">

Respectfully submitted,

**McBRYAN, LLC**

/s/Louis G. McBryan
Louis G. McBryan, Ga. Bar No. 480993
6849 Peachtree Dunwoody Road
Building B-, Suite 100
Atlanta, GA 30328
(678) 733-9322 Telephone
(678) 498-2709 Facsimile
lmcbryan@mcbryanlaw.com
***Attorney for Defendants***

</div>

THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-69428-PMB |
| | ) | |
| ABDUL-HAKIM ABDULLAH | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| _____ | ) | |
| | ) | |
| TAMARA MILES OGIER, AS | ) | |
| CHAPTER 7 TRUSTEE, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 20-06260-PMB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUNNSHYNE YOUNG, AND | ) | |
| ROBERTO G. ZENNON-MARIN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**<u>AFFIDAVIT OF DEBORAH YOUNG</u>**

Personally appeared before me, the undersigned officer authorized to administer oaths,

Deborah Young, who first being sworn, deposes and states as follows:

1.

My name is Deborah Young. I am over 21 years of age and I am legally competent to

execute this affidavit. The facts stated herein are based on my personal knowledge and are true

and correct.

2.

I am the mother of Sunnshyne Young ("Sunnshyne" , Abdul-Hakim Abdullah ("Hakim")

and Roberto Zennon-Marin ("Roberto") . I currently reside at 5698 George Road, Lithonia GA

("George Road"), with my daughter Sunnshyne and my husband Paris Young.

3.

I purchased the improved real property located at and commonly known as 4987 Celtic

Way, Stone Mountain GA ("Celtic Way") and 5698 George Road, Lithonia GA ("George

Road"). On April 8, 2011, I purchased the Celtic Way property subsequent to its foreclosure for

$20,000.00 and directed the attorney handling that sale (McCalla Raymer) to put my name and

Hakim's name on the Special Warranty Deed. A copy of the check I used to purchase the

property and a copy of the PT-61 is attached hereto and incorporated herein as Exhibit A. I was

the only person whose money was used to fund the purchase price of Celtic Way. Abdul-Hakim

M. Abdullah did not know about his name being on the title of the Celtic Way property until

2018 when I asked him to sign papers that transferred title to the property to his sister

Sunnshyne.

4.

On March 12, 2010, I purchased the George Road property from the entity that had

foreclosed on that property. I paid $63,000.00 for that property. Copies of the cashiers check

used to purchase the property and a copy of the PT-61 reflecting a purchase price is attached

hereto and incorporated herein as Exhibit B. I was the only person whose money was used to

fund the purchase price of George Road. On August 31, 2010 I executed a Warranty Deed,

putting the George Road property into my sons' names: Abdul-Hakim M. Abdullah and Roberto

G. Zennon-Marin. However, neither son knew that I had executed such Warranty Deed as I did

not tell them. Abdul-Hakim M. Abdullah did not know about his name being on the title of the

George Road property until 2018 when I asked him to sign papers that transferred title to the

property to his sister Sunnshyne.

<div align="center">5.</div>

I have always paid all the expenses of Celtic Way and George Road, including all

maintenance, taxes, and insurance. None of my children contributed any funds for either

properties. I put the title in my children's names because I was told it was a good way to avoid

the costs and difficulty with probate courts should I die and I never intended to give them the

properties as a gift prior to my death.

FURTHER AFFIANT SAYETH NOT.

Deborah Young

Sworn to and subscribed before me
this ___ day of _____, 2021.

Notary Public
My Commission Expires: March 23, 2022

Keith A. Rowe
NOTARY PUBLIC
Dekalb County, GEORGIA
My Comm. Expires
03/23/2022

PT-61 (Rev. 11/04)

## To be filed in DEKALB COUNTY

PT-61 044-2011-007263

| SECTION A – SELLER'S INFORMATION (Do not use agent's information) | | | SECTION C – TAX COMPUTATION | |
|---|---|---|---|---|
| **SELLER'S BUSINESS / ORGANIZATION / OTHER NAME**<br>Federal Home Loan Mortgage Corporation | | | **Exempt Code**<br>If no exempt code enter NONE | **Govt/NonProfit**<br>**Public Corp** |
| **MAILING ADDRESS (STREET & NUMBER)**<br>5000 Plano Pkwy | | | 1. Actual Value of consideration received by seller<br>Complete Line 1A if actual value unknown | $20,000.00 |
| **CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY**<br>Carrollton, TX 75010 USA | **DATE OF SALE**<br>4/8/2011 | | 1A. Estimated fair market value of Real and<br>Personal property | $0.00 |
| SECTION B – BUYER'S INFORMATION (Do not use agent's information) | | | 2. Fair market value of Personal Property only | $0.00 |
| **BUYER'S LAST NAME**<br>Young | **FIRST NAME**<br>Deborah | **MIDDLE** | 3. Amount of liens and encumbrances<br>not removed by transfer | $0.00 |
| **MAILING ADDRESS (Must use buyer's address for tax billing & notice purposes)**<br>5698 George Road | | | 4. Net Taxable Value<br>(Line 1 or 1A less Lines 2 and 3) | $0.00 |
| **CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY**<br>Lithonia, GA 30058 USA | **Check Buyers Intended Use:**<br>( ) Residential  ( ) Commercial<br>( ) Agricultural  ( ) Industrial | | 5. TAX DUE at .10 per $100 or fraction thereof<br>(Minimum $1.00) | $0.00 |
| SECTION D – PROPERTY INFORMATION (Location of Property (Street, Route, Hwy, etc)) | | | | |
| **HOUSE NUMBER & EXTENSION (ex 265A)**<br>4987 | **PRE-DIRECTION, STREET NAME AND TYPE, POST DIRECTION**<br>Celtic Way | | | **SUITE NUMBER** |
| **COUNTY**<br>DEKALB | **CITY (IF APPLICABLE)** | **MAP & PARCEL NUMBER**<br>18 072 09 104 | | **ACCOUNT NUMBER** |
| **TAX DISTRICT** | **GMD** | **LAND DISTRICT**<br>18 | **ACRES** | **LAND LOT**<br>72 | **SUB LOT & BLOCK** |
| SECTION E – RECORDING INFORMATION (Official Use Only) | | | | |
| **DATE** | **DEED BOOK**<br>22434 | **DEED PAGE**<br>268 | **PLAT BOOK** | **PLAT PAGE** |

**ADDITIONAL BUYERS**
Abdullah, Abdul Hakim



EXHIBIT
A

3/8/2021 12:21 PM

**Bank of America** ◢◤◢◤

Cashier's Check

No. 2350680

30-1/1140
NTX

Notice to Purchaser - In the event this check is lost, misplaced or stolen, a sworn
statement and 90 day waiting period will be required prior to replacement. This
check should be negotiated within 90 days.

Date   APRIL 08, 2011

Banking
Center    PAEULA ROAD

8785196  89699   8462350680

DESC:MONTCLAIR
Remitter (Purchased By)

Pay
To
The
Order
Of

**EIGHTEEN THOUSAND EIGHT HUNDRED FORTY FOUR DOLLARS AND 04 CENTS**

$   **18844.04**

**PRESELLE ESTATES, LLC**

Bank of America, N.A.
San Antonio, Texas.

**VOID AFTER 90 DAYS**

Authorized Signature    Non-Negotiable

Customer Copy
Retain For Your Records    001641002575

PT-61 (Rev. 11/04)

## To be filed in DEKALB COUNTY

PT-61 044-2010-006148

| SECTION A – SELLER'S INFORMATION (Do not use agent's information) | | SECTION C – TAX COMPUTATION | |
|---|---|---|---|
| SELLER'S BUSINESS / ORGANIZATION / OTHER NAME<br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE | | Exempt Code<br>If no exempt code enter NONE | NONE |
| MAILING ADDRESS (STREET & NUMBER)<br>4828 LOOP CENTRAL DRIVE | | 1. Actual Value of consideration received by seller<br>Complete Line 1A if actual value unknown | $63,000.00 |
| CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY<br>HOUSTON, TX 77081 USA | DATE OF SALE<br>3/12/2010 | 1A. Estimated fair market value of Real and<br>Personal property | $0.00 |
| SECTION B – BUYER'S INFORMATION (Do not use agent's information) | | 2. Fair market value of Personal Property only | $0.00 |
| BUYER'S LAST NAME<br>YOUNG | FIRST NAME<br>DEBORAH       MIDDLE | 3. Amount of liens and encumbrances<br>not removed by transfer | $0.00 |
| MAILING ADDRESS (Must use buyer's address for tax billing & notice purposes)<br>5391 NW 64TH STREET | | 4. Net Taxable Value<br>(Line 1 or 1A less Lines 2 and 3) | $63,000.00 |
| CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY<br>OCALA, FL 34482 USA | Check Buyers Intended Use<br>( ) Residential ( ) Commercial<br>( ) Agricultural ( ) Industrial | 5. TAX DUE at .10 per $100 or fraction thereof<br>(Minimum $1.00) | $63.00 |
| SECTION D – PROPERTY INFORMATION (Location of Property (Street, Route, Hwy, etc)) | | | |

| HOUSE NUMBER & EXTENSION (ex 265A)<br>5698 | PRE-DIRECTION, STREET NAME AND TYPE, POST DIRECTION<br>GEORGE Road | | SUITE NUMBER |
|---|---|---|---|
| COUNTY<br>DEKALB | CITY (IF APPLICABLE) | MAP & PARCEL NUMBER<br>16 063 01 010 | ACCOUNT NUMBER |
| TAX DISTRICT | GMD | LAND DISTRICT<br>16TH | ACRES | LAND LOT<br>63 | SUB LOT & BLOCK |

| SECTION E – RECORDING INFORMATION (Official Use Only) | | | |
|---|---|---|---|
| DATE | DEED BOOK<br>21896 | DEED PAGE<br>580 | PLAT BOOK | PLAT PAGE |

ADDITIONAL BUYERS
None


EXHIBIT
B

CHECK NO.    83718

804: / 307  Seq# 45          03/04/2010

Remitter   Deborah Young
Memo                                                              $62,435.00

Pay
    Sixty-Two Thousand Four Hundred Thirty-Five Dollars and Zero Cents

To The     Shuping, Morse, and Ross, LLP
Order Of.

CUSTOMER COPY        *Thank You For Your Business*        NON-NEGOTIABLE

WESTERN UNION | MONEY ORDER

WESTERN UNION FINANCIAL SERVICES INC. - ISSUER
Payable at Wells Fargo Bank Grand Junction • Downtown, N.A., Grand Junction, Colorado    Englewood, Colorado

WINN·DIXIE
America's Supermarket
MORE CHOICES LOWER PRICES.
(ISSUING AGENT)

14-029978430

$

PAY EXACTLY
PAY TO THE
ORDER OF Shuping Morse loss    GA 30058

S391 NW PURCHASER'S ADDRESS apt F 3442    PURCHASER'S SIGNATURE

⑈⑈102100400⑈⑈  4014029978430 3⑈⑈

---

WESTERN UNION | MONEY ORDER

WESTERN UNION FINANCIAL SERVICES INC. - ISSUER
Payable at Wells Fargo Bank Grand Junction • Downtown, N.A., Grand Junction, Colorado    Englewood, Colorado

WINN·DIXIE
America's Supermarket
MORE CHOICES LOWER PRICES.
(ISSUING AGENT)

14-029978432

$ 400.00

PAY EXACTLY
PAY TO THE
ORDER OF Shuping Morse loss    GA 30058

S391 NW PURCHASER'S ADDRESS apt F 3442    PURCHASER'S SIGNATURE

⑈⑈102100400⑈⑈  4014029978432 1⑈⑈

---

WESTERN UNION | MONEY ORDER

WESTERN UNION FINANCIAL SERVICES INC. - ISSUER
Payable at Wells Fargo Bank Grand Junction • Downtown, N.A., Grand Junction, Colorado    Englewood, Colorado

WINN·DIXIE
America's Supermarket
MORE CHOICES LOWER PRICES.
(ISSUING AGENT)

14-029978431

$

PAY EXACTLY
PAY TO THE
ORDER OF Shuping Morse loss    GA 30058

S391 NW PURCHASER'S ADDRESS apt F 3442    PURCHASER'S SIGNATURE

⑈⑈102100400⑈⑈  4014029978431 2⑈⑈

THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-69428-PMB |
| | ) | |
| ABDUL-HAKIM ABDULLAH | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| | ) | |
| ——————————————— | ) | |
| | ) | |
| TAMARA MILES OGIER, AS | ) | |
| CHAPTER 7 TRUSTEE, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 20-06260-PMB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUNNSHYNE YOUNG, AND | ) | |
| ROBERTO G. ZENNON-MARIN, | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————— | ) | |

## AFFIDAVIT OF ABDUL-HAKIM M. ABDULLAH

Personally appeared before me, the undersigned officer authorized to administer oaths, Abdul-Hakim M. Abdullah, who first being sworn, deposes and states as follows:

1.

My name is Abdul-Hakim M. Abdullah. I am over 21 years of age and I am legally competent to execute this affidavit. The facts stated herein are based on my personal knowledge and are true and correct.

2.

I am the Debtor Abdul-Hakim Abdullah in case no. 18-69428-PMB, pending in the

Northern District of Georgia.

3.

On March 7 2018 I signed papers that my mother Deborah Young asked me to sign

which were the Warranty Deeds that transferred my legal interest in two pieces of real property-

4987 Celtic Way, Stone Mountain Ga and 5698 George Road, Lithonia Georgia to my sister

Sunnshyne Young.  Until I signed those two warranty deeds, I did not know  that my name was

on the  title of the Celtic Way or the George Road properties. I signed the papers because my

mother asked me to do so. Those properties were always my mother's property and I never knew

or thought I had any ownership interest in those properties.

4.

I did not pay for either the Celtic Way nor the George Road properties. I have never

contributed to their upkeep or maintenance, or paid any expense related to those properties.   I

only lived in a room at Celtic Way and George Road for a month or two sometime in 2012 after

my mother bought them.

FURTHER AFFIANT SAYETH NOT.

_____
Abdul-Halim M. Abdullah

Sworn to and subscribed before me
this _10_ day of _MARCH_____, 2021.

_____
Notary Public
My Commission Expires: _MAY 1 2023_

ANNMARIE SKERRIT
Notary Public - State of Georgia
Gwinnett County
My Commission Expires May 1, 2023

THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                      )       CASE NO. 18-69428-PMB
                                            )
ABDUL-HAKIM ABDULLAH                        )
                                            )
        Debtor.                             )       CHAPTER 7
_____            )
                                            )
TAMARA MILES OGIER, AS                      )
CHAPTER 7 TRUSTEE,                          )       ADVERSARY PROCEEDING
                                            )       NO. 20-06260-PMB
        Plaintiff,                          )
                                            )
v.                                          )
                                            )
SUNNSHYNE YOUNG, AND                        )
ROBERTO G. ZENNON-MARIN,                    )
                                            )
        Defendant.                          )
_____            )

**<u>AFFIDAVIT OF ROBERTO ZENNON-MARIN</u>**

Personally appeared before me, the undersigned officer authorized to administer oaths,

Roberto Zennon-Marin, who first being sworn, deposes and states as follows:


1.


My name is Roberto Zennon-Marin. I am over 21 years of age and I am legally

competent to execute this affidavit. The facts stated herein are based on my personal knowledge

and are true and correct.


2.


I am the son of Deborah Young. I currently reside in New York, NY.

3.

I do not own the improved real property located at and commonly known as 4987 Celtic Way, Stone Mountain GA ("Celtic Way") and 5698 George Road, Lithonia GA ("George Road"). I was recently told by my mother Deborah Young that she had put my name on the title of those properties recently. Those properties are my mother's property and I do not claim any ownership interest in those properties.

4.

I did not pay to purchase either the Celtic Way nor the George Road properties. I have never contributed to their upkeep or maintenance or paid any expense related to those properties. I have never lived at Celtic Way nor the George Road property.

FURTHER AFFIANT SAYETH NOT.

_Roberto Zennon-Marin_
Roberto Zennon-Marin

Sworn to and subscribed before me
this _10th_ day of _March_, 2021.
_Marie J Botticelli_
Notary Public
My Commission Expires: _01-26-2023_

MARIE J. BOTTICELLI
NOTARY PUBLIC-STATE OF NEW YORK
No 01BO6318602
Qualified in New York County
My Commission Expires 01-26-2023

THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-69428-PMB |
| | ) | |
| ABDUL-HAKIM ABDULLAH | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| _____ | ) | |
| | ) | |
| TAMARA MILES OGIER, AS | ) | |
| CHAPTER 7 TRUSTEE, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 20-06260-PMB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUNNSHYNE YOUNG, AND | ) | |
| ROBERTO G. ZENNON-MARIN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## AFFIDAVIT OF SUNNSHYNE YOUNG

Personally appeared before me, the undersigned officer authorized to administer oaths, Sunnshyne Young, who first being sworn, deposes and states as follows:

1.

My name is Sunnshyne Young. I am over 18 years of age and I am legally competent to execute this affidavit. The facts stated herein are based on my personal knowledge and are true and correct.

2.

I am the daughter of Deborah Young. I currently reside at 5698 George Road, Lithonia

GA ("George Road"), with my mother and her husband Paris Young.

3.

I do not own the improved real  property located at and commonly known as  4987 Celtic

Way, Stone Mountain GA ("Celtic Way")  and 5698 George Road, Lithonia GA ("George

Road"). I was recently  told by my mother Deborah Young that she had my brother Abdul-

Hakim Abdullah  put my name on the title of those properties in 2018.  I did not know that

occurred in 2018.  Those properties are my mother's property and I do not claim any  ownership

interest in those properties.

4.

I did not pay to purchase either the Celtic Way nor the George Road properties. I have

never contributed to their upkeep or maintenance or paid any expense related to those properties.

I have never lived at Celtic Way property.

FURTHER AFFIANT SAYETH NOT.

_____
Sunnshyne Young

Sworn to and subscribed before me
this ___ day of _____, 2021.
_____
Notary Public
My Commission Expires: March 23, 2022

Keith A. Rowe
NOTARY PUBLIC
Dekalb County, GEORGIA
My Comm. Expires
03/23/2022

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel, do hereby certify that I have this day served a copy of the within and foregoing **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANTS** using the CM/ECF system which sent electronic notification to all users who have consented to such service and by placing a copy of same in the United States Mail in an envelope with adequate postage affixed thereon to ensure proper delivery as follows to the following parties:

Allen P. Rosenfeld
OGIER ROTHSCHILD & ROSENFELD, P.C.
P.O. Box 1547
Decatur, GA 30031

This 15th day of March 2021.

Respectfully submitted,

**MCBRYAN, LLC**

/s/Louis G. McBryan
Louis G. McBryan, Georgia Bar No. 480993
Building B-3, Suite 100
Atlanta, Georgia 30328
Tel (678)733-9322
Fax (678) 498-2709
lmcbryan@mcbryanlaw.com
**Attorney for Defendants**

19