

**IT IS ORDERED as set forth below:**

**Date: September 30, 2021**

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: | : |
| | :    CASE NO. **18-69428-PMB** |
| **ABDUL-HAKIM ABDULLAH,** | : |
| | :    CHAPTER 7 |
| Debtor. | : |
| ———————————————— | : |
| | : |
| **TAMARA MILES OGIER** | : |
| **AS CHAPTER 7 TRUSTEE,** | : |
| | : |
| Plaintiff, | : |
| | :    ADVERSARY PROCEEDING |
| v. | : |
| | :    NO. **20-6260** |
| **SUNNSHYNE YOUNG, AND** | : |
| **ROBERTO G. ZENNON-MARIN, AND** | : |
| **DEBORAH YOUNG,** | : |
| | : |
| Defendants. | : |
| ———————————————— | : |

### ORDER GRANTING TRUSTEE'S
### MOTION FOR JUDGMENT ON THE PLEADINGS,
### DENYING DEFENDANTS' MOTION FOR JUDGMENT
### <u>ON THE PLEADINGS, AND SETTING STATUS CONFERENCE</u>

Before the Court is the *Amended and Restated Motion for Judgment on the Pleadings* filed by the Plaintiff-Chapter 7 Trustee (the "Trustee") on June 7, 2021 (the "Trustee's Motion")(Docket No. 18).   Also before the Court are (i) the *Defendants [sic] Response in Opposition to Amended and Restated Motion for Judgment on the Pleadings, and Defendants' Motion for Judgment on the Pleadings* filed on June 21, 2021 (Docket No. 20)(the "Defendants' Motion"), (ii) *Plaintiff's Response To Defendants' Motion For Judgment On The Pleadings* filed on July 6, 2021 (Docket No. 21), and (iii) *Defendants' Reply to Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings* filed on July 19, 2021 (Docket No. 22).

The Trustee commenced this matter through the filing of a four-count *Complaint* on November 13, 2020 (Docket No. 1)(the "Complaint").[1]   In the Complaint, the Trustee asserts that certain transfers by Abdul-Hakim Abdullah, the above-named Debtor (the "Debtor"), of his interest in two different tracts of improved real property[2] to Sunnshyne Young, the Debtor's sister (the "Sister"), without consideration (the "Transfers")(*see also* notes 8 &10, *infra*) are avoidable as fraudulent transfers and may be recovered and preserved for the benefit of the estate under 11 U.S.C. §§ 548, 550, and 551 (Count I), and under 11 U.S.C. §§ 544 and 550 and O.C.G.A. § 18-2-70, *et seq*. (Count II).   The Trustee also asserts the Transfers constitute voidable preferential transfers under 11 U.S.C. § 547 and are recoverable under 11 U.S.C. § 550 (Count III).   Finally, the Trustee asserts that the Properties may be sold free and clear of all interests, including that of

---

[1] These counts are as follows: Count I – Fraudulent Conveyances; Count II – State Law Fraudulent Conveyances; Count III – Preferences; and Count IV – Sale of the Celtic Property and the George Property.   This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and it is core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. § 1409.

[2] The subject properties are located at 4987 Celtic Way, Stone Mountain, Georgia 30083 (the "Celtic Way Property") and 5698 George Road, Lithonia, Georgia 30058 (the "George Road Property")(collectively, the "Properties").

2

Roberto G. Zennon-Marin, the brother of the Debtor (the "Brother"), under 11 U.S.C. § 363(h)(Count IV).

After several extensions, the Sister and the Brother filed their *Answer, Affirmative Defenses and Counterclaim of Defendants* on March 15, 2021 (Docket No. 10)(the "Sister Brother Answer and Counterclaim").[3] Defendant Deborah Young (the "Mother"; collectively, with the Brother and the Sister, the "Defendants") filed her *Answer, Affirmative Defenses and Verified Counterclaim of Defendant Deborah Young* on May 3, 2021 (Docket No. 14)(the "Mother's Answer and Counterclaim")(the counterclaims asserted in the Sister Brother Answer and Counterclaim and in the Mother's Answer and Counterclaim, collectively, the "Counterclaims").[4]

In the Counterclaims, the Defendants allege that the Debtor only held bare legal title in the Properties and could convey no greater interest because the equitable interest was held in a purchase money resulting trust or in a constructive trust for the benefit of the Mother. As such, at the time of the Transfers, the Debtor had no interest in property that would have become part of his bankruptcy estate under 11 U.S.C. § 541(d), and the Transfers are not subject to avoidance by

---

[3] The Trustee filed her *Answer to Counterclaim* on April 2, 2021 (Docket No. 12)("Trustee's Brother Sister Answer"), responding to the counterclaims asserted in the Sister Brother Answer and Counterclaim. For convenience of reference, citations to Defendants' Answer and Counterclaim herein are to the Sister Brother Answer and Counterclaim unless designated otherwise.

[4] The Mother filed her pleading after entry of an *Order Granting Motion to Intervene* on April 19, 2021 (Docket No. 13). The Trustee filed her *Answer to Counterclaim of Defendant Deborah Young* on May 7, 2021 (Docket No. 15)(together with Trustee's Brother Sister Answer, the "Trustee's Answers"), responding to the counterclaims asserted in the Mother's Answer and Counterclaim. The Sister and the Brother are siblings, and the Mother is their mother. The Sister and the Brother are also siblings of the Debtor, and the Mother is also his mother. Included with the Counterclaims are the Affidavits of the Mother (the "Mother Affidavit"), the Debtor (the "Debtor's Affidavit"), the Brother, and the Sister (collectively, the "Affidavits").

the Trustee.    In the Trustee's Motion, the Trustee seeks a dismissal of the Counterclaims; in the

Defendants' Motion, the Defendants seek judgment on the Counterclaims.[5]

## Legal Standard

In reviewing a motion for judgment on the pleadings, the Court accepts all well-pleaded

facts as true and views them in the light most favorable to the nonmoving party opposing the entry

of judgment.    *Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11*th Cir. 2001), cited in

*Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005).    *See also* Fed.R.Civ.P. 12(c), applicable

herein through Fed.R.Bankr.P. 7012(b).    On review of the substance of the pleadings, if the court

determines the party asserting the claims (or counterclaims) "would not be entitled to relief under

any set of facts that could be proved consistent with the allegations" the claims or counterclaims

should be dismissed.    *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

## Factual Background

The Mother purchased the Celtic Way Property on April 8, 2011.[6]    In the Counterclaims,

it is alleged that the Mother purchased the Celtic Way Property after foreclosure, paying

$20,000.00 by check that consisted solely of her own money.    Defendants' Counterclaim ¶¶ 5 &

22; *see also* Mother Affidavit ¶ 3.    The Defendants further allege that the Mother instructed the

---

[5] Each of the Counterclaims contains two counts as follows: Count I – Determination of Intervenor's Equitable Interests in the Celtic Property and the George Property and That Debtor's Bare Legal Title in These Properties Is Not Property of the Estate; and Count II – Constructive Trust.

[6] The Celtic Way Property consists of land and a single-family residential house that the Trustee alleges is worth at least $100,000.00.    Complaint ¶¶ 14 & 22.    The Trustee further alleges that both the Mother and the Debtor acquired the Celtic Way Property and that the Special Warranty Deed was filed and recorded in the DeKalb County, Georgia real estate records on April 14, 2011 at Deed Book 22434, Page 268.    Complaint ¶ 13.    The Defendants dispute the Trustee's legal characterization, insisting that the Debtor merely held legal title and that the Mother is the owner of the Celtic Way Property under a theory of purchase money resulting trust.    Defendants' Answer ¶ 13.

attorney handling the sale to place her name and the Debtor's name on the Special Warranty Deed (the "Celtic Way Conveyance").[7]    The Defendants state that, from the time of its purchase, the Mother has paid all expenses associated with the Celtic Way Property, including maintenance, taxes, and insurance, and that at no time has the Debtor paid any of these expenses.    Defendants' Counterclaim ¶ 6.    The Defendants allege, and the Debtor admits, that the Debtor did not even know about the Celtic Way Conveyance until March 26, 2018, when he signed a deed as requested by the Mother transferring "bare legal title" to the Sister (the "Celtic Way Transfer"), which transfer is a subject of this litigation.    Defendants' Counterclaim ¶¶ 6 & 8; Debtor's Affidavit ¶ 3.[8] The Defendants insist the Mother never relinquished her equitable ownership interest in the Celtic Way Property and that neither the Sister, the Brother, nor the Debtor claim such an interest. Defendants' Counterclaim ¶¶ 10 & 32.

On March 12, 2010, the Mother purchased the George Road Property.    Defendants' Counterclaim ¶ 11.    The Defendants allege that the Mother purchased the George Road Property

---

[7] The Trustee alleges that on or about September 3, 2014, the Mother subsequently transferred "her entire interest" in the Celtic Way Property to the Brother, and that the Quit Claim Deed was filed and recorded in the DeKalb County, Georgia real estate records on October 31, 2014 at Deed Book 24601, Page 18.  Complaint ¶ 15.  (This deed actually bears a file mark date of October 3, 2014)(*see* Exhibit 2, attached to the Complaint)).  The Defendants state the Mother did not inform the Brother about this conveyance because she did not intend to relinquish her ownership interest (Defendants' Counterclaim ¶ 7)(the Trustee denies only legal title was conveyed).  The Defendants admit the Mother executed a Quit Claim Deed, but dispute the characterization that she transferred her entire interest to the Brother, contending instead that she only conveyed "bare legal title" and remains the "true owner" of the Celtic Way Property.  Defendants' Answer ¶ 15.

[8] The Trustee alleges that through the Celtic Way Transfer, the Debtor transferred his entire one-half interest in the Celtic Way Property to the Sister evidenced by Warranty Deed filed and recorded in the DeKalb County, Georgia real estate records on March 28, 2018 at Deed Book 26822, Page 431, and further states no consideration was paid. Complaint ¶¶ 16 & 17.  The Defendants deny these allegations and again counter that the Debtor only had bare legal title held in trust for the Mother at the time of the Celtic Way Transfer.  Defendants' Answer ¶¶ 16 & 17.  The Debtor commenced the above-named case under Chapter 7 of the United States Bankruptcy Code on November 18, 2018 (the "Petition Date").

after its foreclosure, paying $63,000.00 by check that, again, consisted entirely of her own funds. The Defendants further allege that on August 31, 2010, the Mother executed a deed placing "bare legal title" to the George Road Property in the name of the Debtor and the Brother (the "George Road Conveyance," collectively, with the Celtic Way Conveyance, the "Conveyances"). Defendants' Counterclaim ¶ 12; Mother Affidavit ¶ 4.[9]   From the purchase date of the George Road Property forward, the Mother has paid all expenses including all maintenance, taxes, and insurance.   Again, the Defendants allege, and the Debtor admits, the Debtor has paid none of these expenses and did not even know about the George Road Conveyance until March 2018, when the Mother requested him to sign certain documents and he transferred "bare legal title" in the George Road Property to the Sister (the "George Road Transfer"; collectively, with the Celtic Way Transfer, the "Transfers"), which transfer is also a subject of this litigation.[10]   Defendants' Counterclaim ¶¶ 13 & 15.   The Mother and the Sister reside at the George Road Property and, according to the Defendants, the Mother never conveyed her equitable ownership interest

---

[9] The George Road Property consists of land and a single-family residential house that the Trustee alleges is worth at least $150,000.00.   Complaint ¶¶ 24 & 31.   The Trustee further alleges that both the Debtor and the Brother acquired the George Road Property as joint tenants with right of survivorship, and that the Warranty Deed was filed and recorded in the DeKalb County, Georgia real estate records on September 10, 2010 at Deed Book 22133, Page 764. Complaint ¶ 23.   The Defendants deny these allegations, contending that the Mother merely had the Debtor's and the Brother's names placed on the title and that the Mother is the "true owner" of the George Road Property under a theory of purchase money resulting trust.   Defendants' Answer ¶ 23.

[10] The Trustee alleges that through the George Road Transfer, the Debtor transferred his entire one-half interest in the George Road Property to the Sister evidenced by Warranty Deed filed and recorded in the DeKalb County, Georgia real estate records on March 28, 2018, at Deed Book 26822, Page 429 and further states that no consideration was paid.   Complaint ¶¶ 25 & 26.   The Defendants deny these allegations and counter that, as stated above, the Debtor only had bare legal title held in trust for the Mother at the time of the George Road Transfer.   Defendants' Answer ¶¶ 25 & 26.

(Defendants' Counterclaim ¶¶ 16 & 17) and neither the Sister, the Brother, nor the Debtor claim such an interest.   Defendants' Counterclaim ¶¶ 16 & 32.

The Mother avers that she placed the title to the Properties in the names of her children because she had been told "it was a good way to avoid the costs and difficulty with probate courts should I die and I never intended to give them the [P]roperties as a gift prior to my death."   Mother Affidavit ¶ 5.   The Trustee maintains that with respect to the current state of title, the Sister and the Brother each hold a one-half interest in the Celtic Way Property and the George Road Property, respectively.   Complaint ¶¶ 18 & 27.   From a review of the Complaint, the Counterclaims, the Trustee's Answers, the Trustee's Motion, and the Defendants' Motion, it appears that the only issue presented for decision at this time is the legal effect of the Conveyances from the Mother to the Debtor and whether she alone holds an equitable interest in the Properties based on an implied trust arising in her favor in connection with those Conveyances as asserted in the Counterclaims.

## Discussion

The Trustee argues that by virtue of the Transfers, the Debtor conveyed his only valuable assets when he was insolvent or that he was made insolvent by the Transfers.   As such, the Transfers were fraudulent and thus avoidable and subject to recovery for the benefit of the Debtor's estate and its creditors under 11 U.S.C. §§ 548 and 550, along with 11 U.S.C. §§ 544 and 550 and O.C.G.A. § 18-2-70, *et seq*.   The Trustee also asserts the Transfers constitute voidable preferential transfers under 11 U.S.C. § 547 and are recoverable under 11 U.S.C. § 550.   The Trustee describes the Defendants' assertion that the Properties constituted the *res* of an implied trust arising in favor of the Mother in connection with the Conveyances as Defendants' main defense and the principal contention in their Counterclaims.

7

**Interest of the Debtor**

Before addressing the Trustee's fraudulent transfer and preference claims in the Complaint, the Court must decide, as a threshold question, whether the Debtor had an interest in the Properties such that the Transfers conveyed an interest of the Debtor in the Properties as contemplated in the Bankruptcy Code.   This question is the subject of the Trustee's Motion and the Defendants' Motion.   Under 11 U.S.C. § 541(a)(1), "property of the estate" is defined to include "all legal or equitable interests of the debtor in property as of the commencement of the case."   It does not include, however, "property in which a debtor holds only legal title and not an equitable interest." *See Gordon v. Merritt (In re Krieg)*, 2018 WL 4381522, *6 (Bankr. N.D. Ga. Sept. 13, 2018), citing *Wallace v. McFarland (In re McFarland)*, 619 F.App'x 962, 967 (11th Cir. 2015)(citing 11 U.S.C. § 541(d)).   Property held by the debtor "'only in trust for another is not an "interest of the debtor in property" under § 548(a)(1).'"  *Ibid*.

The Defendants argue that the Debtor only obtained legal title as a result of the Conveyances from the Mother, and that she retained an equitable interest in the Properties through an implied trust.   Although "property of the estate" is defined under 11 U.S.C. § 541, state law generally determines the nature of a debtor's interest in property.   *See Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).   Because the Properties are in Georgia, the law of Georgia applies in determining the state of title.

Georgia law recognizes two types of trusts: express and implied.   *Krieg*, *supra*, 2018 WL 4381522, *6, citing *Bullard v. Bullard*, 214 Ga. 122, 123, 103 S.E.2d 570 (1958).   Contrasted with an express trust, which must be established in writing, "'[a]n "implied trust" is a legal fiction that is imposed or recognized by a court acting in equity.'"   *In the Matter of High-Top Holdings,*

8

*Inc.*, 564 B.R. 784, 793–94 (Bankr. N.D. Ga. 2017), quoting Mary F. Radford, GEORGIA

TRUSTS AND TRUSTEES § 1:6 (2016–2017 ed.).[11]   Implied trusts are further divided into

resulting trusts, which may arise in three (3) specific situations (*see* O.C.G.A. § 53-12-130),[12] and

constructive trusts (*see* O.C.G.A. § 53-12-132).[13]   In this case, the Defendants contend both types

of implied trusts have been shown.

### *(i)*      **Purchase Money Resulting Trust**

First, with regard to a resulting trust, the Defendants assert that a purchase money resulting

trust has been established on these facts.   Here, Georgia law provides as follows:

(a) *A purchase money resulting trust* is a resulting trust implied for the benefit of
the person paying consideration for the transfer to another person of legal title
to real or personal property.

(b) *Except as provided in subsection (c) of this Code section*, *the payment of
consideration* as provided in subsection (a) of this Code section *shall create a*

---

[11] "'An implied trust results from the fact that one person's money has been invested in land, and the conveyance taken in the name of another. It is a mere creature of equity.'"   *Krieg, supra*, 2018 WL 4381522, at *6, quoting *Bullard, supra*, 214 Ga. at 123, 103 S.E.2d at 572 (citations omitted).

[12] Under Georgia law:

A resulting trust is a trust implied for the benefit of the settlor or the settlor's successors in interest when it is determined that the settlor did not intend that the holder of the legal title to the trust property also should have the beneficial interest in the property under any of the following circumstances:

(1) A trust is created but fails, in whole or in part, for any reason;
(2) A trust is fully performed without exhausting all the trust property; or
(3) A *purchase money resulting trust* as defined in subsection (a) of Code Section 53-12-131 is established.

O.C.G.A. § 53-12-130 (emphasis supplied).   *See also High-Top Holdings, supra*, 564 B.R. at 794, quoting *Ansley v. Raczka-Long*, 293 Ga. 138, 744 S.E.2d 55, 58 (2013)(alteration in original).

[13] A constructive trust is defined as "a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity."   O.C.G.A. § 53-12-132(a).   A constructive trust is considered a remedy and is "'not an independent cause of action.'"   *High-Top Holdings, supra*, 564 B.R. at 794, quoting *In re Cotton*, 2004 WL 2983350, at *3 (Bankr. N.D. Ga. Feb. 17, 2004).

9

*presumption in favor of a resulting trust, but such presumption shall be rebuttable* by a preponderance of the evidence.

(c) If the payor of consideration and transferee of the property as provided in subsection (a) of this Code section are husband and wife, *parent and child, or siblings, a gift shall be presumed, but such presumption shall be rebuttable by clear and convincing evidence.*

O.C.G.A. § 53-12-131 (emphasis supplied).   An alleged beneficiary of a purchase money resulting trust must demonstrate either that "'(1) that the party contributed purchase money at or before the time of purchase or (2) an agreement at the time of purchase...so as to create a resulting trust.'"   *Krieg, supra*, 2018 WL 4381522, at *6, quoting *McFarland, supra*, 619 F.App'x at 968. Such a showing must be established by clear and convincing evidence.   *Krieg*, *supra*, citing *High-Top Holdings, supra*, 564 B.R. at 794.

Based on the undisputed fact [14] that the Mother alone furnished the consideration in purchasing the Properties, plus the fact that she has funded all related expenses in connection with the Properties, the Defendants argue they have demonstrated that a purchase money resulting trust arose in favor of the Mother with respect to her Conveyances to the Debtor and the Brother.   Given the admitted presence of family relations among the Debtor and the Defendants as parent and child or as siblings, however, the Trustee asserts that these Conveyances, as well as the Transfers at issue, are presumed to be gifts.   *See* O.C.G.A. § 53-12-131(c).   As such, each of them conveyed an absolute interest in title and the Transfers are properly subject to avoidance as concerning an interest of the Debtor in property consistent with 11 U.S.C. § 541(a)(1).

---

[14]   In some circumstances, when matters outside the pleadings, such as the Affidavits, are presented and will be considered on a motion under Fed.R.Civ.P. 12(c), the motion could be converted to a motion for summary judgment on notice to the parties pursuant to Fed.R.Civ.P. 12(d).   That does not appear to be required here because the Trustee did not object to the consideration of the Affidavits.   In fact, the Trustee refers to and relies on part of the factual allegations set forth in the Affidavits in connection with the limited legal issue presented for decision herein.

The presumption of a gift may be overcome by clear and convincing evidence. Citing *Ford v. Ford*, 243 Ga. 763, 256 S.E.2d 446, 447 (1979), the Trustee asserts that to rebut the presumption of a gift with respect to the Conveyances, the Mother as grantor "must show that a resulting trust was contemplated by both parties by way of an understanding or agreement."[15] In addition, this understanding or agreement, whether "express or shown by the nature of the transaction, [or by] the circumstances or the conduct of the parties, must have existed at the time the transaction was consummated." *Scales, supra*, 235 Ga. at 510, 220 S.E.2d at 268 (citations omitted). Neither the Debtor nor the Brother, however, admittedly had any knowledge of the Conveyances at the time they were made. Thus, according to the Trustee, the Defendants cannot establish on any facts consistent with the allegations in the Counterclaims that a purchase money resulting trust arose in favor of the Mother. There could not have been a mutual understanding or agreement with respect to the Conveyances because any intent to form a trust relationship by the Mother was not shared between them and, at best, was held by her alone.

In response, in the Defendants' Motion, the Defendants counter that the test for a purchase money resulting trust is not restricted to providing evidence of an agreement, but alternatively, includes situations as presented here where the Mother, as beneficiary, alone furnished the consideration for purchase of the Properties and has paid all attendant expenses on a continuing basis. *See McFarland*, *supra*, 619 F.App'x at 968 (citing *Thompson v. Bearden*, 265 Ga. 16, 17, 453 S.E.2d 20, 21 (1995), quoting *Loggins v. Daves,* 201 Ga. 628(4), 40 S.E.2d 520 (1946)); *see also High-Top Holdings, supra*, 564 B.R. at 795. In other words, according to the Defendants,

---

[15] *See also Scales v. Scales*, 235 Ga. 509, 220 S.E.2d 267 (1975) and *Adderholt v. Adderholt*, 240 Ga. 626, 242 S.E.2d 11 (1978), as cited in *Ford, supra*, 243 Ga. at 763, 256 S.E.2d at 447.

11

the determination of the existence of such a trust relies on an "either/or" test.[16]   As noted above, an implied resulting trust, where title is placed in one other that the party paying the purchase-price, arises when it is shown

> 'that the purchase-price was paid by the beneficiary of the trust at or before the time the conveyance was made, or that it be shown, other than by a void parol agreement, that it was the intent and purpose of the parties *at the time the conveyance was made* that the one claiming the benefit of the trust should pay the purchase-money in conformity with such original intent and purpose of the parties.'

*Thompson*, *supra*, 265 Ga. at 17(2), 453 S.E.2d at 21, quoting *Loggins, supra,* 201 Ga. at 628(4), 40 S.E.2d 521 (emphasis in original).

In any event, the Defendants maintain both tests have been met.   As mentioned above, the Defendants state that the Mother's payment of the full purchase price for the Properties at the time of their purchase establishes a trust in her favor when she placed the legal title in the names of her sons through the Conveyances.   Additionally, they insist proof of an agreement regarding ownership of the Properties has also been provided by parol evidence based on the Affidavits that make clear "they all knew that the properties belonged to Deborah [the Mother] and that no gift was intended, whether they knew about the transfer or not."   Defendants' Motion, p. 7;  *see also* O.C.G.A. § 53-12-133 (Parol evidence admissible where trust sought to be implied).

On review, both Defendants' arguments ultimately fail, and there is no presumption of a purchase money resulting trust in these circumstances.   Under Georgia law, when as here the payor-transferor and transferee are parent and child, there is no presumption of a resulting trust because the controlling presumption is that the transfer in question was a gift.   *See* O.C.G.A. § 53-

---

[16] The Defendants insist the Trustee improperly disregards the conjunctive nature of this test by focusing solely on whether or not an agreement has been shown.

12-131(c).   Although this presumption is rebuttable, the Defendants have not alleged facts to support a conclusion that this presumption has been overcome by clear and convincing evidence by establishing the existence of an agreement with respect to the Conveyances.   The Defendants' argument that the burden lies on the Trustee to prove such a gift, as by showing evidence of donor intent, donee acceptance, and delivery[17] of the gift under O.C.G.A. § 44-5-80, overlooks the fact that the presumption is provided by statute along with a reallocation of the burden of proof.[18]

As the Eleventh Circuit concluded in *McFarland, supra*, although the transferee there was found to have paid consideration for the property in issue, which could be suggestive of a resulting trust, because the transferor and transferee were husband and wife, "the presumptions are flipped" and a gift is presumed that the parties in that case failed to overcome by clear and convincing evidence.   619 F.App'x at 971-72; *see also* O.C.G.A. § 53-12-131(c).   Despite testimony regarding intent to hold the subject property jointly, the court reiterated that the intent to create a resulting trust rather than make a gift must exist at the time of purchase and, "the intention must have been contemplated in an understanding or agreement."   619 F.App'x at 972.   Consistent with the foregoing discussion, to rebut the presumption of a gift, the party claiming a resulting trust cannot rely on testimony as to her belief regarding the purpose of the conveyance but must

---

[17]  The Defendants cite *Krieg, supra*, 2018 WL 4381522, at *3 n. 10, in support of the argument that non-delivery of the subject deeds to the Debtor in connection with the Conveyances defeats the Trustee's reliance on the presumption of a gift under the statute.   In that case, however, the Court did not find failure of delivery rendered the transfer invalid but only raised the issue.   Further, no party in *Krieg* asserted this presumption applied and, even if they had, there was sufficient evidence to create an issue regarding the parties' shared understanding with respect to the intended purpose of the transfer and the actual result that occurred due to an error in drafting the deed.   This is distinguishable from the present case where no agreement has been suggested or could even be possible based on the Defendants' allegations.

[18]  Though involving a conveyance of property, the case of *Avera v. Avera*, 268 Ga. 4(4), 485 S.E.2d 731 (1997), cited by the Defendants, did not address a situation concerning an alleged purchase money resulting trust or the *statutory presumption* of a gift.

13

offer evidence that such intention was expressed.  *See Ford, supra,* 243 Ga. at 764, 256 S.E.2d at 447 (discussing Code Sec. 108-116 (similar to O.C.G.A. § 53-12-131)), citing *Scales, supra,* 235 Ga. at 510, 220 S.E.2d at 268)(presumption of a gift rebutted by evidence that a resulting trust was intended by both parties)(citations omitted)[19]; *Adderholt, supra,* 240 Ga. at 630, 242 S.E.2d at 14.[20]

The fact that the Mother may have intended a trust be created through the Conveyances, and the fact that the Debtor "always considered" (Defendants' Motion, p. 9) the Properties to belong to his Mother, is not evidence of a shared agreement based on commonly held knowledge. *See* Debtor's Affidavit ¶ 3.  The Mother and the Debtor may have both independently believed she owned the Properties, but it is undisputed that the Debtor did not even know about the Conveyances until several years later.   As such, the Trustee is correct that an agreement regarding

---

[19] In *Williams v. Thomas*, 200 Ga. 767, 773-74, 38 S.E.2d 603, 607-08 (1946), cited in *Scales, supra*, the court stated that in the case where a conveyance by a transferor-husband, who paid the entire purchase price for the property, occurred without the 'knowledge, understanding, or agreement' of the transferee-wife, the presumed gift of the property "can not be cut down to an implied or resulting trust by events subsequently transpiring" as they are insufficient to rebut such a presumption.  *See also Vickers v. Vickers*, 133 Ga. 383, 384, 65 S.E. 885, 886 (1909)(donor's belief or hope not enough – there must be evidence of some obligation of the donee to hold the property in trust).  *See also McFarland, supra*, 619 F.App'x at 969, citing *Bullard, supra*, 103 S.E.2d at 573-74; *Whitworth v. Whitworth*, 233 Ga. 53, 56-57, 210 S.E.2d 9, 12-13 (1974)(evidence of agreement necessary to overcome presumption of gift).

[20] In *Adderholt*, the Georgia Supreme Court held that evidence of an agreement was necessary to create such a trust and that evidence denying that a gift was made, on its own, was not sufficient.   As clarified in *Harrell v. Harrell*, 249 Ga. 170, 290 S.E.2d 906 (1982), circumstantial evidence of intention, such as conduct or practice, may be considered but it must go to the existence of a *mutual* understanding.   As the court added, "[t]he ultimate inquiry is whether there was, in truth, a mutual understanding, *not* whether such an understanding was expressed in plain and unambiguous terms."   249 Ga. at 172, 290 S.E.2d at 907 (emphasis in original).

14

the Conveyances at the time they were made is not possible when only one party, here the Mother, knows about them.[21]

Under Georgia law, implied trusts are created through equity. As observed in *Harrell, supra*, although "hidden trusts" are permitted, "hidden beneficial ownership can be pernicious, and often used to evade or avoid just obligations, creating uncertainty and prolonged litigation…." 249 Ga. at 172, 290 S.E.2d at 907-08. Accordingly, courts must adhere to the statutory provisions where such trusts are allowed in terms of its presumptions and allocations of proof as stated in O.C.G.A. § 53-12-131. *See McFarland, supra*, 619 F.App'x at 972-73. Irrespective of the Mother's intent and motivation for the Conveyances,[22] based on the factual assertions in the Counterclaims, the presumption of a completed gift to the Debtor stands unrebutted due to the Debtor's and the Brother's lack of knowledge regarding the Conveyances at the time they were made. In this case, there are no allegations of an agreement and the presumption of a gift cannot be overcome on this record. As such, the Defendants cannot prove any set of facts consistent with

---

[21] The assertion that the Mother intended to convey "bare legal title" is not aided by the mode of conveyance chosen by the Mother. With the exception of the quitclaim deed from the Mother to the Brother regarding the Celtic Way Property, each of the Conveyances and Transfers occurred via a warranty deed, which indicates an intent to transfer all that the transferor owned to the transferee, with a warranty to defend. A quitclaim deed would seem more appropriate for a transfer of "bare legal title."

[22] Although the assertion of any equitable defenses would depend on facts not plead, as a doctrine based in equity, the purported beneficiary of a resulting trust or a constructive trust who seeks to have equity must come in equity. *See e.g. Griggs v. Griggs*, 242 Ga. 96, 249 S.E.2d 566 (1978).

their allegations showing that a purchase money resulting trust arose in favor of the Mother in connection with her Conveyances to the Debtor and the Brother.[23]

### (ii)    Constructive Trust

The Defendants also assert that a constructive trust should be found to exist in favor of the Mother based on equitable considerations present in this case.   *See* O.C.G.A. § 53-12-132(a)(*see also* note 13, *supra*).   Under Georgia law, courts determine such a trust exists "to prevent unjust enrichment."  *Krieg, supra*, 2018 WL 4381522, at *7, citing *McFarland, supra*, 619 F.App'x at 973, quoting *Lee v. Lee*, 260 Ga. 356, 392 S.E.2d 870, 871 (1990).   In these situations, it is not the parties' intent but principles of equity that provide a remedial basis to conclude that a party holding a legal interest, whether or not acquired by fraud, should not be allowed to gain a windfall at the expense of a party who should be deemed to hold the beneficial interest.  *Krieg, supra*, 2018 WL 4381522, at *7 (citations omitted).

The Defendants acknowledge such trusts are not generally favored in bankruptcy cases but can be employed on clear and convincing evidence.   *Wachovia Bank, N.A. v. Vacuum Corp. (In*

---

[23] Although not addressed by either of the parties, it also appears that the facts pled by the Defendants do not support a purchase money resulting trust as to any interest in the George Road Property or as to the one half (½) interest in the Celtic Way Property presently titled in the name of the Brother because all of those interests were titled at purchase in the name of Mother, and were later voluntarily transferred by her to the Debtor and to the Brother.   Those facts do not support a purchase money resulting trust, which generally requires that the property be purchased with the money of Party A but be titled in the name of Party B.   A party that purchases property with its own money in its own name does not have the ability to later convey that property to another party but claim that the property is subject to a purchase money resulting trust.   In short, such circumstances do not satisfy O.C.G.A. § 53-12-131(a), which creates such a trust for the benefit of a "person paying consideration for the transfer to another person of legal title to real or personal property", because the Mother is not alleged to have paid any consideration for the transfer of the interests in the Properties that she already owned to the Debtor and the Brother.   Although the claim to a purchase money resulting trust related to the George Road Property and the one half (1/2) interest held by the Brother in the Celtic Way Property seems problematic on this basis, the Court's ruling herein is not based on such infirmities because it was not addressed by the parties.

16

*re Vacuum Corp.*), 215 B.R. 277, 281-82 (Bankr. N.D. Ga. 1997); *see also Krieg, supra*, 2018 WL 4381522, at *7 (citations omitted).   They contend such a showing has been made here because if the Trustee prevails on her avoidance claims and sells the Properties, it will generate a windfall for the benefit of the Debtor's creditors even though neither the Trustee nor the Debtor paid or contributed anything toward the Properties.   The Trustee asserts that a viable claim for unjust enrichment requires that a party has "induced or encouraged" the conveyance at issue, the transferor expected the transferee to be responsible for its cost or payment, and the transferee knew of its benefit.   *See Campbell v. Ailion*, 338 Ga.App. 382, 386-87, 790 S.E.2d 68, 73 (2016), citing *Jones v. White*, 311 Ga.App. 822, 827–828(1)(b), 717 S.E.2d 322, 328 (2011)(citations omitted). Such a showing has not been made here, the Trustee urges, since the Counterclaims and the Affidavits fail to establish that either the Debtor or the Brother encouraged the Conveyances, knew about them, or affirmatively accepted or failed to reject them.

Upon review of all the circumstances, the Court agrees with the Trustee that although the Debtor's bankruptcy estate certainly benefits from inclusion of the Properties, unjust enrichment has not been shown.   The present situation was created when the Mother purposefully and intentionally structured the Conveyances in the manner that she did without informing any of her children.   The Debtor's subsequent participation in the Transfers to the Sister followed by the commencement of his bankruptcy case, however well-intentioned and though undoubtedly unfortunate from the point of view of the Mother and the Sister, simply do not create a claim of unjust enrichment in favor of the Mother.   Whatever facts could be proved consistent with the Defendants' allegations in the Counterclaims, they do not provide the necessary equitable considerations to support the imposition of relief in the form of a constructive trust in this case.

17

Case 20-06260-pmb    Doc 23    Filed 09/30/21    Entered 09/30/21 15:32:50    Desc Main
Document      Page 18 of 19

## <u>Conclusion</u>

The Court concludes that the Debtor received and subsequently transferred to his Sister both the legal title and equitable interest in a one-half (1/2) interest in each of the Properties that otherwise would have been included in this bankruptcy estate under 11 U.S.C. § 541(a)(1) had the Transfers not occurred.

In view of the foregoing discussion, it is

**ORDERED** that the Trustee's Motion is **GRANTED** and that the Defendants' Motion is **DENIED**, and it is further

**ORDERED** that the Counterclaims are **DISMISSED**.

Because the Court has granted judgment on the pleadings in favor of the Trustee and against the Defendants on the limited basis set forth in the Trustee's Motion and the Defendants' Motion with respect to the Counterclaims, this Court's ruling herein is not dispositive of the avoidance claims set forth in the Complaint. Accordingly, it is further

**ORDERED AND NOTICE IS HEREBY GIVEN** that a **STATUS CONFERENCE** will be held on the **1ST DAY OF NOVEMBER, 2021, commencing at 1:10 P.M. in Courtroom 1202**, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303 to discuss further prosecution of this matter.

Matters that need to be heard by the Court may be heard by telephone, by video conference, or in person. Please review the "Hearing Information" tab on the Judge Baisier's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

18

The Clerk is directed to serve a copy of this Order upon counsel for the Plaintiff Trustee,

counsel for the Defendants, and the United States Trustee.

**[END OF DOCUMENT]**